ARNOLD KAHN, Appellant, v. MORRIS LEVINE, Doing Business as MORRIS BAG & JUNK Co., Respondent.— Appeal from a judgment of the Supreme Court, entered in the Ulster County Clerk's office May 17, 1954, dismissing the complaint. The plaintiff's assignor, the Aetna Smelting and Refining Works, Inc., advanced the sum of $2,500 to the defendant ($1,500 on one occasion and $1,000 on another), upon the understanding that the defendant would deliver merchandise to it in the amount of the loans or would repay the loans. The defendant gave Aetna its checks in the amount of the loans, to be held as so-called " security ". Subsequently, the defendant delivered three loads of merchandise to Aetna but, at the defendant's request, Aetna paid for the shipments instead of applying them upon the loan. The defendant paid $500 on account of the $1,500 loan, the defendant's $1,500 check being returned to him and the defendant giving Aetna a new check for the balance of $1,000. This check and the check for $1,000 originally given as " security " for the repayment of the second loan are the checks sued upon in this action. A dispute arose between the parties as to the propriety of " rejections " of merchandise by Aetna, on account of which Aetna had deducted various amounts from its payments to the defendant for merchandise delivered. Most of these transactions antedated the making of the loans. The parties broke off their business relations and the defendant thereupon stopped payment on his checks. Aetna assigned its claim, represented by the checks, to the plaintiff. When sued upon the checks, the defendant set up as an affirmative defense, his claims against Aetna for the amount of the " rejections ", claiming that they exceeded the amount of the checks. The court below dismissed the complaint upon the ground that " the checks sued upon are not valid obligations of the defendant ". While the record was somewhat confused, we believe that the defendant's checks constituted valid obligations, representing his agreement to repay the loans made by Aetna to him. However, it is impossible to determine from the record how much, if anything, should be allowed on account of the defendant's claims against Aetna. The record only contains the statements by the parties of their respective claims; there is no evidence from which it can be determined whether all the deductions by Aetna from its payments were proper or not. Furthermore, there is an open question as to whether there had not been an account stated, or a final settlement, between the parties with respect to each of the shipments. This should all be fully explored upon a new trial. Judgment of dismissal reversed and a new trial ordered, with costs to the appellant to abide the event. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur.